IGNACIO E. SALCEDA, State Bar No. 164017
DORU GAVRIL, State Bar No. 282309
BENJAMIN J. TOLMAN, State Bar No. 301942
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: isalceda@wsgr.com
       dgavril@wsgr.com
       btolman@wsgr.com

*Attorneys for Defendants Avinger, Inc., Jeffrey M. Soinski, Matthew B. Ferguson, Donald A. Lucas, John B. Simpson, James B. McElwee, James G. Cullen, and Thomas J. Fogarty*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY GROTEWIEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVINGER, INC., JEFFREY M. SOINSKI, MATTHEW B. FERGUSON, DONALD A. LUCAS, JOHN B. SIMPSON, JAMES B. McELWEE, JAMES G. CULLEN, THOMAS J. FOGARTY, CANACCORD GENUITY, INC., COWEN AND COMPANY, LLC, OPPENHEIMER & CO., BTIG, STEPHENS, INC., and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 17-3400<br><br>**CLASS ACTION**<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION** |

NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 15 U.S.C. § 77v(a), defendants Avinger, Inc., Jeffrey M. Soinski, Mathew B. Ferguson, Donald A. Lucas, John B. Simpson, James B. McElwee, James G. Cullen, and Thomas J. Fogarty (collectively, the "Avinger Defendants") hereby remove to this Court the state court action described below.

**Background**

1. On May 22, 2017, Plaintiff Lindsay Grotewiel filed this civil action in the Superior Court of California, County of San Mateo, captioned *Lindsay Grotewiel v. Avinger, Inc., et al.*, Case No. 17CIV02240 (the "State Court Action"). On the same date, the Avinger Defendants, by and through their counsel, became aware of and obtained a copy of the Complaint. A copy of the Complaint and the related Civil Cover Sheet is attached as Exhibit A.

2. The Avinger Defendants have not pled, answered, or otherwise appeared in the State Court Action.

**Procedural Requirements and Jurisdiction**

3. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days of receipt by the Avinger Defendants of a copy of the Complaint.

4. Pursuant to 28 U.S.C. § 1446(d), the Avinger Defendants will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Superior Court of the State of California, County of San Mateo.

5. Defendants Canaccord Genuity, Inc., Cowen and Company, LLC, Oppenheimer & Co., BTIG, and Stephens, Inc., have indicated their consent to the removal of this action. 28 U.S.C. § 1446(b)(2).

6. The Complaint alleges claims that arise solely under Sections 11, 12(a)(2) and 15 of the federal Securities Act of 1933, 15 U.S.C. §§ 77k, 77*l*(a)(2), and 77*o*. Complaint ("Compl.") ¶¶ 55, 64, 70. Accordingly, this Court has original jurisdiction over this civil action

1  pursuant to 28 U.S.C. § 1331, because a claim under the federal Securities Act of 1933 "aris[es]

2  under the Constitution, laws, or treaties of the United States."

**Bases for Removal**

7. There are two separate bases for removal of this action to this Court.

8. First, 28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Superior Court of California, County of San Mateo, is located within this District. Accordingly, venue in this Court is proper under 28 U.S.C. § 1441(a).

9. Because this Court has original jurisdiction over lawsuits filed under the federal Securities Act pursuant to 28 U.S.C. § 1331, *supra* ¶ 6, this action is removable under 28 U.S.C. § 1441(a).

10. Second, Section 16(c) of the Securities Act, 15 U.S.C. § 77p(c), provides an independent and alternative ground for removal of this action:

> Any *covered class action* brought in any State court involving a *covered security*, as set forth in subsection (b), *shall be removable* to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c) (emphasis added). The present action is a covered class action involving a covered security.

11. Section 16 defines as "covered class action" as follows:

> [A]ny single lawsuit in which . . . damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or . . . one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members . . . .

15 U.S.C. § 77p(f)(2)(A)(i).

12. This case meets this definition of "covered class action" under Section 16 of the Securities Act. Plaintiff seeks to recover damages on its own behalf and that of others similarly

1  situated in the proposed class and "believes that there are hundreds of members in the proposed
2  Class." Compl. ¶ 15.  Second, Plaintiff asserts that "[c]ommon questions of law and fact exist as
3  to all members of the Class and predominate over any questions solely affecting individual
4  members of the Class." *Id*. ¶ 18.

5        13.    The Securities Act defines a "covered security" as follows: "A security is a
6  covered security if such security is . . . listed, or authorized for listing, on the National Market
7  System of the Nasdaq Stock Market (or any successor to such entities). . . ." 15 U.S.C.
8  § 77r(b)(1).  Here, the common shares of Avinger, Inc. at issue in this lawsuit are "covered
9  securities" because they are traded on NASDAQ, a national securities exchange.

10       14.    The removability of Securities Act claims initially filed in state court is the
11 subject of a *certiorari* petition to the United States Supreme Court currently pending in *Cyan,*
12 *Inc. v. Beaver County Employees Retirement Fund*, No. 15-1439 (U.S. May 24, 2016) ("*Cyan*").
13 On May 23, 2016, the Acting Solicitor General of the United States filed a brief with the United
14 States Supreme Court (the "Solicitor General's Brief") in support of certiorari in *Cyan*, stating
15 that "In the view of the United States, the petition for a writ of certiorari should be granted."
16 Brief for the United States as Amicus Curiae, *Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, No. 15-
17 1439, 2017 WL 2333893, at *1 (U.S. May 23, 2017).

18       15.    In particular, the Solicitor General's Brief supports removability of this action
19 pursuant to the removal provision in Section 16(c) of the Securities Act.  *See supra* ¶ 9.  The
20 Acting Solicitor General stated that "Section 77p(c) Authorizes Removal To Federal Court of
21 Covered Class Actions That Are Brought Under The 1933 Act And Allege The Types of
22 Misconduct That Are Described In Section 77p(b)." Solicitor General's Brief, 2017 WL
23 2333893, at *13.

24       16.    This is one of the actions identified as removable in the Solicitor General's Brief.
25 As discussed above, this case is a covered class action. *Supra* ¶¶ 10-11.  It is brought under the
26 1933 Act.  Compl. ¶ 4.  It alleges "an untrue statement or omission of a material fact in
27 connection with the purchase or sale of a covered security," which is one of the "[t]ypes [o]f
28 [m]isconduct [t]hat [a]re [d]escribed in [s]ection 77p(b)." Solicitor General's Brief, 2017 WL

2333893, at *13-14; 15 U.S.C. § 77p(b); Compl. ¶ 3.  Therefore, Congress authorized "removal under Section 77p(c)."  Solicitor General's Brief, 2017 WL 2333893, at *14.

**There Are No Impediments to Removal**

17. Removal of this action is not barred by the Securities Act's anti-removal provision.  Section 22(a) of the Securities Act states that:

> *Except as provided in [Section 16(c)] of this title*, no case arising under [the Securities Act] and brought in any State court of *competent jurisdiction* shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (emphasis added).  This anti-removal provision is not applicable to this action, for two reasons.

18. First, the anti-removal provision explicitly states that it does not apply to the removal of actions "as provided in [Section 16(c)]."  15 U.S.C. § 77v(a).  As discussed above, and in greater detail in the Solicitor General's Brief, Section 16 explicitly authorizes the removal of this action.  *See supra* ¶¶ 9-15.  The Solicitor General's Brief explains that construing Section 16(c) as authorizing removal of Securities Act covered class actions "is more faithful to SLUSA's overall structure and purpose than is an interpretation that limits removal to state-law claims."  Solicitor General's Brief, 2017 WL 2333893, at *16-17.  SLUSA is the Securities Litigation Uniform Standards Act of 1998, Pub. L. No. 105-353, 112 Stat. 3227, which amended the Securities Act to add, *inter alia*, Sections 16(b) and 16(c).

19. Second, the anti-removal provision does not apply to an action that was not filed in a "court of competent jurisdiction[.]" 15 U.S.C. § 77v(a).  As further discussed in the *Cyan* certiorari petition pending before the Supreme Court, state courts lack jurisdiction over cases such as this one, and are not, therefore, courts of "competent jurisdiction" for purposes of the anti-removal provision.

20. Indeed, the same section that includes the anti-removal provision, Section 22(a) of the Securities Act, also supplies the jurisdictional provision for claims brought pursuant to that Act:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under [the Securities Act] and, concurrent with State and Territorial courts, *except as provided in [Section 16] with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created

by [the Securities Act].

15 U.S.C. § 77v(a) (emphasis added).

21. A number of District Courts have explained that, under this jurisdictional provision, state courts are granted concurrent jurisdiction over claims arising under the Securities Act only to the extent they are not "covered class actions," as defined in Section 16 of the Securities Act. Because this case is a "covered class action" as defined in Section 16 of the Securities Act, *see supra* ¶¶ 10-11, the state court accordingly lacks jurisdiction over this action. *See, e.g.*, *Hung v. iDreamSky Tech. Ltd.*, 2016 U.S. Dist. LEXIS 8389 (S.D.N.Y. Jan. 25, 2016); *Iron Workers Dist. Council of New Eng. Pension Fund v. MoneyGram Int'l, Inc.*, 204 F. Supp. 3d 784 (D. Del. 2016); *Gaynor v. Miller*, 205 F. Supp. 3d 935 (E.D. Tenn. 2016); *Rovner v. Vonage Holdings Corp.*, 2007 WL 446658 (D.N.J. Feb. 7, 2007).

22. Accordingly, removal of this action is permitted and appropriate under either 28 U.S.C. § 1441 or 15 U.S.C. § 77v.

Dated: June 12, 2017                    WILSON SONSINI GOODRICH & ROSATI
                                        Professional Corporation

                                        By:  /s/ Ignacio E. Salceda
                                             Ignacio E. Salceda

                                        *Attorneys for Defendants Avinger, Inc., Jeffrey M. Soinski, Matthew B. Ferguson, Donald A. Lucas, John B. Simpson, James B. McElwee, James G. Cullen, and Thomas J. Fogarty*