IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARINDAM BANERJEE and JOGESH HARJAI, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>AVINGER, INC., JEFFREY M. SOINSKI, MATTHEW B. FERGUSON, DONALD A. LUCAS, JOHN B. SIMPSON, JAMES B. MCELWEE, JAMES G. CULLEN, THOMAS J. FOGARTY, CANACCORD GENUITY, INC., COWEN AND COMPANY LLC, OPPENHEIMER & CO., BTIG, STEPHENS INC., AND DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No. 17-cv-03400-CW<br><br>ORDER APPOINTING LEAD PLAINTIFFS AND APPROVING PLAINTIFFS' SELECTION OF LEAD COUNSEL |

Now pending are three motions to be appointed as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 77z-1 et seq., and for approval of the selection of lead counsel. The motions were filed by: Lindsay Grotewiel and Todd Vogel; Arindam Banerjee and Jogesh Harjai; and Michael Dolan. The Grotewiel/Vogel and Banerjee/Harjai groups have opposed the others' motions and filed replies to each others' oppositions. Additionally, Grotewiel and Vogel filed objections to reply evidence submitted by Banerjee and Harjai, and Banerjee and Harjai filed a motion for leave to file a response to Grotewiel and Vogel's objections.

Having considered all the papers filed by the parties, the Court appoints Banerjee and Harjai as Lead Plaintiffs and

approves their selection of the law firm of Scott+Scott, Attorneys at Law, LLP, as Lead Counsel for the putative class. The Court also grants the parties' requests to submit supplemental filings, and has considered those filings.

BACKGROUND

On May 22, 2017, Plaintiff Lindsay Grotewiel filed a class action complaint in San Mateo County Superior Court against Avinger, Inc. and several of its individual officers and directors, alleging violations of the Securities Act of 1933 (the Securities Act), 15 U.S.C. §§ 77k, 77*l*(a)(2), 77o. Grotewiel claims that Defendants issued a materially false and misleading registration statement and prospectus in connection with Avinger's January 30, 2015 initial public offering (IPO). Defendants removed the action to this Court on June 12, 2017. On June 19, 2017, this Court granted the parties' joint motion to relate this case to Olberding v. Avinger, No. 17-cv-03398,[1] and Gonzalez v. Avinger, No. 17-cv-03401.

The plaintiffs in Olberding and Gonzalez filed motions to remand, but Grotewiel did not. The Court remanded the related cases and issued an order to show cause why this case should not also be remanded. On August 22, 2017, following briefing, the Court discharged the order to show cause, holding that the statutory removal bar in the Securities Act is not jurisdictional and was waived by Grotewiel.

Meanwhile, Grotewiel published the PSLRA notice of pendency

---

[1] Plaintiff Kyle Olberding was represented by John T. Jasnoch and Thomas L. Laughlin, IV, of Scott+Scott. Scott+Scott represent that they moved to withdraw as counsel for Olberding in state court on September 20, 2017.

2

of a putative securities fraud class action on July 7, 2017, and these timely lead Plaintiff motions followed. See 15 U.S.C. § 78u-4(a)(3)(A)(i).

## LEGAL STANDARD

The PSLRA provides that the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i); see also In re Cavanaugh, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing application of identical standard under 15 U.S.C. § 78u-4(a)(3)(B)). The statute further provides that the Court shall adopt a rebuttable presumption that the most adequate plaintiff is

> the person or group of persons that--
> 
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> 
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> 
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

In determining which candidate has the largest financial interest, courts consider factors that may include: "1) number of shares purchased during the class period; 2) net shares purchased during the class period; 3) net funds expended during the class period; and 4) approximate losses from the alleged fraud." In re McKesson HBOC, Inc. Sec. Litig., 97 F. Supp. 2d 993, 995 (N.D. Cal. 1999) (citing In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (suggesting this four-factor analysis);

3

see also Markette v. XOMA Corp., No. 15-cv-03425-HSG, 2016 WL 2902286, at **5-6 (N.D. Cal. May 13, 2016) (discussing methods of calculating financial stake).

The presumption may be rebutted only upon proof that the presumptively most adequate plaintiff

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); see also 15 U.S.C. § 77z-1(a)(3)(B)(vi) (additional restrictions on professional plaintiffs).

The party chosen as lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v).

## DISCUSSION

If Banerjee and Harjai are permitted to proceed as a "group of persons" under 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), their financial interest is the largest of any of the lead plaintiff candidates. They have submitted evidence that they purchased and retained 9,195 shares of Avinger stock during the class period, for which they spent $148,535.59. Grotewiel and Vogel purchased a total of 16,551 shares of Avinger stock, expending $137,773.60, and retain 15,642 of those shares for a net loss of $127,589.98. Dolan has a net out-of-pocket loss of $19,064.54.

Grotewiel and Vogel argue, however, that the Court may not consider Banerjee and Harjai as a group and aggregate their financial losses. Grotewiel and Vogel are married to each other,

4

and it is undisputed that they may be considered as a group. See, e.g., Markette, 2016 WL 2902286, at *8 (citing Aronson v. McKesson HBOC, Inc., 79 F. Supp. 2d 1146, 1153-54 (N.D. Cal. 1999)). The Court knows very little about Banerjee and Harjai's relationship, however. They submitted a joint reply declaration in which they state that they are medical doctors who "have known each other personally and professionally for 3 years." Joint Declaration at ¶¶ 3, 5.[2]

Courts "have found that unrelated groups of individuals, brought together solely for the purpose of aggregating their claims in an effort to become the presumptive lead plaintiff fail to meet the adequacy prong of Rule 23." Frias v. Dendreon Corp., 835 F. Supp. 2d 1067, 1073 (W.D. Wash. 2011). This is because, if the group is not small and cohesive, and especially if the individuals in the group were brought together by counsel for the purpose of becoming lead plaintiffs, it may undermine the purpose of the PSLRA to prevent lawyer-driven litigation. Id. Here, Banerjee and Harjai have sworn that they were acquainted prior to their purchases of Avinger stock, which means that they had a relationship prior to this litigation. They also have declared that they consulted together before deciding to seek appointment as lead plaintiffs. The lack of significant information about their relationship, the way they intend to function as a cohesive group and their intention to direct the litigation rather than be directed by their counsel detracts substantially from their

---

[2] The Court discourages the parties, in the future, from filing joint declarations, especially when all declarants cannot attest under penalty of perjury to each and every statement in the declaration.

5

showing.  See Sabbagh v. Cell Therapeutics, Inc., No. 10-cv-00414-MJP, 2010 WL 3064427, at *6 (W.D. Wash. Aug. 2, 2010).  On balance, however, the Court finds that the evidence of their pre-existing relationship is sufficient to treat them as a lead plaintiff group under the PSLRA.

Grotewiel and Vogel also argue that Banerjee and Harjai are not adequate to serve as lead plaintiffs because the share price information submitted by Banerjee is inaccurate, falling outside the range of prices at which Avinger stock traded on the days in question.  Banerjee and Harjai respond that this discrepancy is due to a clerical error, inadvertently listing the transactions as occurring on the settlement dates rather than the purchase dates.  Banerjee and Harjai corrected the error in reply, and there is no indication that the error was committed in bad faith.  The Court finds that this clerical error is not sufficient to prove that Banerjee and Harjai will not be adequate plaintiffs under the PSLRA.  See, e.g., In re Solar City Corp. Sec. Litig., No. 16-CV-04686-LHK, 2017 WL 363274, at *6 (N.D. Cal. Jan. 25, 2017) ("While the Court finds the error in Fish's claimed damages to be troubling, those errors do not rebut the presumption that Fish is lead plaintiff.  Multiple district courts have held that 'minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement.'").  The Court warns Banerjee and Harjai, however, that they must review the briefing and evidence that they submit more carefully in the future.

Next, Grotewiel and Vogel argue that Harjai is subject to a unique defense based on reliance, because he purchased his shares

of Avinger stock in March 2016, more than twelve months after Avinger's January 2015 IPO. See Hildes v. Arthur Andersen LLP, 734 F.3d 854, 859-60 (9th Cir. 2013) (discussing reliance requirement of 15 U.S.C. § 77k(a)). In reply, Banerjee and Harjai note that a portion of Grotewiel and Vogel's losses will be subject to the same defense, and even if all such losses are excluded, Banerjee and Harjai's losses would still be larger. Additionally, Banerjee and Harjai note that this issue is not unique, but rather, will be common to many class members, because the class period is alleged to include dates more than a year after the IPO. The Court finds that the timing of Harjai's purchases is not enough to subject him to a unique defense under 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(bb).

Banerjee and Harjai may be considered as a group and no other candidate has submitted proof that this presumptive lead plaintiff group will not fairly and adequately protect the interests of the class or is subject to unique defenses. The Court appoints Banerjee and Harjai as the lead Plaintiff group.

In addition, the Court approves Banerjee and Harjai's choice of Scott+Scott as lead counsel, based on the information submitted regarding the firm's experience and expertise in the area of securities litigation. The Court finds that the fact that Scott+Scott formerly represented Plaintiff Olberding in a related action in this Court, obtained remand of that action and then withdrew as counsel after seeking appointment in this action, does not create a conflict of interest or mean that they have engaged in impermissible forum shopping. See Evellard v. LendingClub Corp., No. 16-cv-02627-WHA, 2016 WL 9108914, at *4

(N.D. Cal. Aug. 15, 2016) (approving lead counsel who had withdrawn from parallel state court action).

CONCLUSION

For the foregoing reasons, the Court APPOINTS Arindam Banerjee and Jogesh Harjai as the lead Plaintiff group, and APPROVES their selection of Scott+Scott as lead counsel (Docket No. 41). The Clerk shall update the docket.

The Court DENIES the competing motions of Michael Dolan (Docket No. 37) and Lindsay Grotewiel and Todd Vogel (Docket No. 44).

The Court also GRANTS Grotewiel and Vogel leave to file objections (Docket No. 79) to Banerjee and Harjai's reply evidence and GRANTS Banerjee and Harjai's motion for leave to file a response to those objections (Docket No. 80). Banerjee and Harjai's response (Docket No. 80-1) is deemed filed. The Court has fully considered both the objections and the response.

The case management conference remains set for October 17, 2017 at 2:30 p.m. The joint case management conference statement remains due October 13, 2017 at 12:00 p.m.

IT IS SO ORDERED.

Dated: October 11, 2017

CLAUDIA WILKEN
United States District Judge

8