**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| ARINDAM BANERJEE and JOGESH HARJAI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AVINGER, INC., JEFFREY M. SOINSKI, MATTHEW B. FERGUSON, DONALD A. LUCAS, JOHN B. SIMPSON, JAMES B. McELWEE, JAMES G. CULLEN, THOMAS J. FOGARTY, CANACCORD GENUITY, INC., COWEN AND COMPANY, LLC, OPPENHEIMER & CO., BTIG LLC, and STEPHENS, INC.,<br><br>Defendants. | Case No. 17-cv-3400-CW<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT** |

WHEREAS, a class action is pending before the Court entitled *Banerjee, et al. v. Avinger, Inc., et al*, No. 17-cv-03400-CW, United States District Court for the Northern District of California ("Federal Action") and there is an action captioned *Gonzalez v. Avinger, Inc., et al.,* No. 17-CIV-02284, pending in California Superior Court for the County of San Mateo ("State Action") (collectively, the "Actions");

WHEREAS, the Court has received the Stipulation of Settlement dated May 9, 2018 (the "Stipulation"),[1] which has been entered into by the Plaintiffs and the Defendants, and the Court has reviewed the Stipulation, together with the Exhibits annexed thereto, which sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Actions, upon the terms and conditions set forth therein;

WHEREAS, the Settling Parties, in accordance with the Stipulation of Settlement, have made an application pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the settlement of the Federal Action, and the Court having read and considered the Stipulation of Settlement and the Exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement**. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below. The Court further finds that: (a) the Stipulation resulted from arm's-length negotiations; and (b) the Settlement is sufficiently fair, reasonable and adequate as to the Class Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing.

2. **Settlement Hearing**. The Settlement Hearing shall be held before this Court on October 23, 2018, at 2:30 pm., to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether the Judgment as provided in the Stipulation should be entered

---

[1] For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation, and the terms used herein shall have the same meaning as in the Stipulation.

herein; whether the proposed Plan of Allocation should be approved; whether to approve the Plaintiffs' application for their reasonable time and expenses (including lost wages) directly relating to their representation of the Class; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel.

3. The Court may adjourn the Settlement Hearing without further notice to Members of the Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

4. **Class Certification for Settlement Purposes**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for the purposes of effectuating the Settlement, a Class consisting of all Persons who purchased or otherwise acquired the publicly traded common stock of Avinger, Inc. ("Avinger" or the "Company") between January 29, 2015 and April 10, 2017, inclusive, and were damaged thereby. Excluded from the Class shall be the Defendants; their respective immediate family members, parents, successors or assigns; the past and current officers and directors of Avinger and the Underwriter Defendants, the legal representatives, heirs, successors and assigns of any excluded Person; and any entity in which any of the above excluded Persons have or had a majority ownership interest. Also excluded will be any Person that validly requests exclusion for the Class in accordance with the procedures set forth below in this Order.

5. **Class Findings**. In preliminarily certifying the Class, the Court preliminarily finds that the Class satisfies the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the proposed Class Representatives (the named Federal Plaintiffs) are typical of the claims of the Class they represent; (d) the proposed Class Representatives have, and will continue to, fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only

individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. **CAFA Notice.** Defendants are required to serve upon the appropriate state official of each state in which a Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. §1715 *et seq*. ("CAFA") no later than 10 calendar days following the entry of this Order. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the CAFA notice.

7. **Approval of Form and Content of the Notice**. The Court approves, as to form and content: (a) the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"); (b) the Proof of Claim and Release form; and (c), the Summary Notice, respectively, which are annexed as Exhibit A-1 to this Order and Exhibits A-2 and A-3 to the Stipulation, respectively. The Court further finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23, 15 U.S.C. §78u-4 and Due Process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

8. **Retention of Claims Administrator and Manner of Giving Notice**. The Court appoints KCC Class Action Services (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

   (a) within 10 days of the date of entry of this Order, Avinger shall, at its own cost, provide to the Claims Administrator, in an electronic format acceptable to the Claims Administrator, its shareholder lists (consisting of names and addresses) of the holders of Avinger common stock during the Class Period;

(b) not later than 20 days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release (the "Notice Packet"), substantially in the forms annexed as Exhibits A-1 and A-2 to the Stipulation of Settlement and this Order, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(c) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause the Stipulation and its Exhibits and a copy of the Notice to be posted on a website to be developed for the Settlement, from which copies of the Notice Packet can be downloaded;

(d) not later than 10 days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3 to the Stipulation and this Order, to be published once in *Investors Business Daily*, and to be transmitted once over the *PR Newswire*; and

(e) Not later than seven days before the Settlement Hearing, Lead Counsel shall cause to be filed with the Court proof, by affidavit or declaration, of such mailing, publishing and posting.

9. **Nominee Procedures**. Nominees who purchased or acquired Avinger's common stock between January 29, 2015 and April 10, 2017, inclusive, are hereby directed to send the Notice and the Proof of Claim and Release to all beneficial owners of such common stock within 20 days after receipt thereof, or to send a list of the names and addresses of such beneficial owners to the Claims Administrator within 20 days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim and Release to such beneficial owners. Lead Counsel shall, if requested, reimburse out of the Settlement Fund banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing the Notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such reimbursement.

10. **Participation in Settlement**. Class Members (other than those Persons who may timely and validly request exclusion from the Class) who wish to participate in the settlement must complete and submit, or cause to be completed and submitted, a Proof of Claim and Release form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be postmarked no later than 120 calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Proof of Claim and Release, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its claim and the subject matter of the Settlement.

11. Each Proof of Claim and Release Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the Person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Claimant must be included in the Proof of Claim and Release Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Class Member that does not timely and validly submit a Proof of Claim and Release form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the

Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Litigation relating thereto, including, without limitation, the Judgment, and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendants' Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Proof of Claim and Release Forms may be accepted for processing as set forth in ¶10 above.

13. **Procedures for Class Members to Exclude Themselves from the Class**. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Unless otherwise ordered by the Court, for the request for exclusion to be valid, any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") in writing within the time and in the manner and form set forth in the Notice, which shall provide that (a) any such Request for Exclusion must be mailed or delivered such that it is received no later than 21 calendar days prior to the Settlement Hearing, to *Avinger Securities Litigation,* EXCLUSIONS, c/o KCC Class Action Services, 3301 Kerner Blvd., San Rafael, CA 94901; and (b) any Request for Exclusion must (i) state the name, address, and telephone number of the Person requesting exclusion (and in the case of entities, the name and telephone number of the appropriate contact person); (ii) state that the Person "requests to be excluded from the Class in the *Avinger* securities litigation*,* Case No. 17-CV-3400-CW"; and (c) be signed by the Person requesting exclusion or an authorized representative. A Person that requests exclusion from the Class must also include copies of documents sufficient to show the number of shares of Avinger common stock he, she or it purchased and sold during the Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale. A Request for Exclusion shall not be effective or valid unless it provides all the information required under this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

14. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the preceding paragraph shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or the Judgment entered in this Litigation.

15. All Members of the Class (other than those Persons or entities who shall timely and validly request exclusion from the Class) shall be bound by all determinations and judgments in the Action concerning the settlement, whether favorable or unfavorable to the Class.

16. **Appearance and Objections at Settlement Hearing**. Any Member of the Class who does not request exclusion from the Class may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, Lead Counsel will represent them.

17. Any Member of the Class (other than those Persons or entities who timely and validly request exclusion from the Class) may appear and show cause, if he, she, or it has any reason why the proposed settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel, or why any of the proposed Class Representatives should or should not be granted an award for their reasonable time and expenses incurred in representing the members of the Class. A Class Member or other Person who wishes to object to the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, or any aspect of Plaintiffs' or Plaintiffs' Counsel's Fee and Expense Application must (a) file a written objection (together with any papers or briefs in support of their objection) with the Clerk of the United States District Court for the Northern District of California no later than 21 calendar days before the Settlement Hearing, and must also (b) serve copies of such objection (and any supporting papers) on Lead Counsel and Avinger's Counsel at the address set forth below (and in the Notice) such that they are received no later than 21 calendar days before the Settlement Hearing.

8
ORDER PRELIMINARILY APPROVING SETTLEMENT & PROVIDING FOR ISSUANCE OF NOTICE
CASE NO. 4:17-cv-3400-CW

**Lead Counsel**
Scott + Scott Attorneys at Law LLP
Attn: William C. Fredericks, Esq.
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169-1820

**Avinger's Counsel**
Wilson Sonsini Goodrich & Rosati
Attn: Ignacio E. Salceda, Esq.
650 Page Mill Road
Palo Alto, CA 94304-1050

18. Any objections, filings and other submissions by an objecting Class Member: (a) must state the name, address, and telephone number of the Person making the objection (and in the case of entities, the name and telephone number of the appropriate contact person); (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention; (c) must include copies of documents sufficient to prove the objector's membership in the Class, including documents showing the number of shares of Avinger common stock that the objector purchased and sold during the Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale; and (d) must be signed by the objector or an authorized representative. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identify of any witnesses they may call to testify and any exhibits they intend to introduce at the Settlement Hearing.

19. Any Member of the Class who does not make his, her, or its objection in the manner set forth above shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection, unless otherwise ordered by the Court.

20. **Stay and Temporary Injunction**. Pending final determination by the Court as to whether the Settlement, as set forth in the Stipulation, is fair, reasonable, and adequate and should be finally approved, and whether the Judgment dismissing the Action with prejudice should be approved, no Class Member, either directly, representatively or in any other capacity, shall assert, commence, or prosecute against any of the Defendants or the Released Defendants' Parties, any of the Released Claims in this Action, or in any other proceeding or forum. Pending

the Settlement Hearing, the Court also stays all further proceedings in this Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

21. **Settlement Administration Fees and Expenses**. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation in an amount up to $300,000 without further order of the Court. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund.

22. **Settlement Fund.** All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation or further order(s) of the Court.

23. **Taxes.** Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement.

24. **Supporting Papers**. All papers in support of the settlement, the proposed Plan of Allocation, Plaintiffs' Counsel's Fee and Expense Application, and the Class Representatives' application for an award for their time and expenses incurred in representing the Class shall be filed and served not later than 42 calendar days prior to the Settlement Hearing; and reply papers, if any, in further support of the Settlement, the proposed Plan of Allocation, the Fee and Expense Application and any application for an award to the Class Representatives shall be filed and served no later than seven calendar days prior to the Settlement Hearing.

25. Defendants are responsible for funding the Settlement Amount as set forth in the Stipulation; however, neither the Defendants nor any of the Released Defendants' Parties shall have any responsibility for or liability with respect to any Plan of Allocation, Plaintiffs'

Counsel's Fee and Expense Application, or the Class Representatives' application for an award for their time and expenses incurred in representing the Class, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

26. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs and any Fee and Expense Application (including the Class Representatives' application for an award for their time and expenses incurred in representing the Class) shall be approved.

27. **Use of this Order**. This Order, the Stipulation, any of its terms or provisions, any of the negotiations, proceedings or agreements relating to the Stipulation, and all acts performed or documents executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) shall not be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Actions, or of any liability, fault, or wrongdoing of any kind; and (b) shall not be construed as, or deemed to be evidence of or an admission or concession that Plaintiffs or any Class Members have suffered any damages, harm, or loss.

28. **Termination or Non-occurrence of Effective Date**. In the event that the Settlement does not become effective or is terminated in accordance with the terms of the Stipulation of Settlement or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by, and in accordance with, the Stipulation and shall be vacated and, in such event, all orders entered and Releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation of Settlement.

29. **Retention of Jurisdiction**. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

DATED: _June 13, 2018

The Honorable Claudia Wilken
Senior United States District Judge