**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| ARINDAM BANERJEE and JOGESH HARJAI, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br>   v.<br><br>AVINGER, INC., JEFFREY M. SOINSKI, MATTHEW B. FERGUSON, DONALD A. LUCAS, JOHN B. SIMPSON, JAMES B. McELWEE, JAMES G. CULLEN, THOMAS J. FOGARTY, CANACCORD GENUITY, INC., COWEN AND COMPANY, LLC, OPPENHEIMER & CO., BTIG LLC, and STEPHENS, INC.,<br><br>                    Defendants. | Case No. 17-cv-3400-CW<br><br>**ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND § 78u-4(a)(4) SERVICE AWARDS TO CLASS REPRESENTATIVES** |

This matter came on for hearing on October 23, 2018 (the "Settlement Hearing") on Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and on the Class Representatives' respective applications for awards under 15 U.S.C. § 78u-4(a)(4). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing, substantially in the form approved by the Court, was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing, substantially in the form approved by the Court, was published in *Investor's Business Daily* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the requested award of attorneys' fees, reimbursement of litigation expenses and § 78u-4(a)(4) awards,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement, dated May 9, 2018 (Docket No. 115-3) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and of the Class Representatives' respective applications for awards under 15 U.S.C. § 78u-4(a)(4) was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the requests for such awards satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 30% (i.e., $1,500,000) of the Settlement Fund and $74,492.50 in reimbursement of Plaintiffs' Counsel's

2
ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES
AND §78u-4(a)(4) SERVICE AWARDS TO CLASS REPRESENTATIVES
CASE NO. 4:17-cv-3400-CW

litigation expenses (together with interest on both at the same rate and for the same period as earned by the Settlement Fund), which fees and expenses shall be paid from the Settlement Fund.  The Court finds such awards to be fair and reasonable.  Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in such manner which they, in good faith, believe reflects the contributions of each Plaintiffs' Counsel to the institution, prosecution, and settlement of the Action, and consistent with the Stipulation, such awards shall be payable immediately after the Court has entered both the Judgment and this order awarding fees and expenses, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund (including any interest earned on such amounts) if and when, as a result of any appeal or otherwise, the fee award or expense reimbursement is lowered or the Settlement does not become effective.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court finds or concludes:

(a) This Court is required to analyze a request for attorneys' fees based on either (1) the lodestar method, or (2) a percentage of the total benefit made available to the settlement class, In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011) (holding that "[w]here a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" to determine the reasonableness of attorneys' fees);

(b) Under the lodestar approach, the lodestar is produced by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate, see Kelly v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016);

(c) Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative multiplier to take into account a variety of other factors, "including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d at 941–942 (citation & internal quotation marks omitted);

(d) Under the percentage-of-recovery method, courts in the Ninth Circuit

typically calculate twenty-five percent of the fund as the "benchmark" for a reasonable fee award, providing adequate explanation in the record of any circumstances justifying a departure, Six (6) Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990);

(e) When considering whether to depart from the twenty-five percent benchmark, courts consider a number of factors, including whether class counsel "'achieved exceptional results for the class,' whether the case was risky for class counsel, whether counsel's performance 'generated benefits beyond the cash settlement fund,' the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis," In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 954–55 (9th Cir. 2015) (citation & internal quotation marks omitted);

(f) The "most critical factor" in determining appropriate attorneys' fee awards "is the degree of success obtained," Hensley v. Eckerhart, 461 U.S. 424, 436 (1983);

(g) Here, the Settlement has created a fund of $5,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation and that numerous Settlement Class Members, who submit valid Claim Forms, will benefit from because of the efforts of Plaintiffs' Counsel;

(h) Although the Settlement Class's estimated reasonably recoverable damages amount is $65,000,000 in the aggregate under the Securities Act of 1933, 15 U.S.C. § 77a et seq., and the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., Avinger, Inc.'s total market capitalization was roughly $6,000,000 at the time the Settlement was executed, Fredericks et al. Joint Decl. ¶¶ 35–36, Docket No. 124; accordingly, the Court finds that Plaintiffs' Counsel achieved highly favorable results for the Settlement Class;

(i) As of October 11, 2018, 16,255 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Plaintiffs' Counsel would apply for attorneys' fees of 30% of the Settlement Fund, reimbursement of Plaintiffs' Counsel's

litigation expenses in an amount not to exceed $150,000, and awards to the Class Representatives for their reasonable time and expenses in representing the Settlement Class in a total amount not to exceed $9,000 in the aggregate; and no objections to the requested attorneys' fees and expenses or requested awards to the Class Representatives were received by the October 2, 2018, deadline to file any objections, see Notice at 1;[1]

(j)   Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy, and the scope of the work conducted involved the litigation and settlement of not only this Federal Action, but also the related State Action—Gonzalez v. Avinger, Inc. et al., No. 17-CIV-02284—pending in the California Superior Court of San Mateo County (the "State Court");

(k)   The requested fee and expense award will cover all Plaintiffs' Counsel for all work performed and expense incurred in either this Action or the State Action (i.e., there will be no separate or additional request for fees or reimbursement of expenses made in the State Action);

(l)   The Actions raised a number of complex issues and Plaintiffs' Counsel bore financial risk by representing Plaintiffs on a contingency basis;

(m)   Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Class may have recovered less or nothing from Defendants;

(n)   Plaintiffs' Counsel devoted over 2,240.2 hours, with a lodestar value of approximately $1,593,383.25, to achieve the global Settlement, see Fredericks Decl., Ex. A, Docket No. 124-2; Sams Decl., Ex. A, Docket No. 124-3; Bottini Decl., Ex. A, Docket No. 124-4, and the Court finds that the hours claimed are reasonable and that the rates charged are commensurate with those charged by attorneys with similar experience who appear in this Court;

(o)   The fee awarded will result in a lodestar multiplier of approximately 0.94 or

---

[1] The Notice is attached as Exhibit A to the Declaration of Lance Cavallo. Docket No. 124-1.

5

ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES
AND §78u-4(a)(4) SERVICE AWARDS TO CLASS REPRESENTATIVES
CASE NO. 4:17-cv-3400-CW

1 less on the value of the Plaintiffs' Counsel's aggregate submitted total lodestar, which suggests that there has been no collusion or self-dealing;

(p) The amount of attorneys' fees awarded is fair and reasonable, consistent with awards in similar cases, and consistent with the Court's review of the factors set forth in *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003); and

(q) The reasonableness of the fee awarded is supported by a cross-check against the percentage-of-fund method: although the awarded fee is higher than the twenty-five percent benchmark, an award of thirty percent is appropriate because the awarded fee is less than the loadstar, because of the positive results that counsel achieved, and because of the legal and financial risks involved.

6. Plaintiffs' Counsel are awarded reimbursement of their expenses, which the Court finds to be fair and reasonable and appear to have been necessary to litigate the Actions, in the amounts of $54,061.36 to Scott+Scott Attorneys at Law LLP, $14,876.86 to Glancy Prongay & Murray LLP, and $5,554.28 to Bottini & Bottini, Inc., for an aggregate total of $74,492.50, see Fredericks Decl., Ex. B, Docket No. 124-2; Sams Decl., Ex. B, Docket No. 124-3; Bottini Decl., Ex. B, Docket No. 124-4; see also Buccellato v. AT&T Operations, Inc., No. 10-cv-00463-LHK, 2011 WL 4526673, at *4 (N.D. Cal. June 30, 2011) (awarding requested litigation costs and related expenses as part of final settlement approval); additionally, the requested expenses are less than the noticed maximum of $150,000 for attorney expenses, which further supports approving the amount requested, see Notice at 1;

7. The Court finds that the Class Representatives' respective requests for awards pursuant to 15 U.S.C. § 78u-4(a)(4) for their service representing the Class should be granted as follows:

(a) Lead Plaintiff and Class Representative Arindam Banerjee, M.D. is hereby awarded $3,000 from the Settlement Fund;

(b) Lead Plaintiff and Class Representative Jogesh K. Harjai, M.D. is hereby awarded $3,000 from the Settlement Fund; and

   (c) Additional Class Representatives Lindsay N. Grotewiel and Todd R. Vogel are hereby each awarded the sum of $1,500 from the Settlement Fund.

 8. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expenses application or awards to any of the Plaintiffs shall in no way disturb or affect the finality of the Judgment.

 9. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

 10. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

 11. There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed.

 SO ORDERED this __24th__ day of __October__, 2018.

_____
The Honorable Claudia Wilken
United States District Judge

---

7
ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES
AND §78u-4(a)(4) SERVICE AWARDS TO CLASS REPRESENTATIVES
CASE NO. 4:17-cv-3400-CW