**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| ARINDAM BANERJEE and JOGESH HARJAI, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>AVINGER, INC., JEFFREY M. SOINSKI, MATTHEW B. FERGUSON, DONALD A. LUCAS, JOHN B. SIMPSON, JAMES B. McELWEE, JAMES G. CULLEN, THOMAS J. FOGARTY, CANACCORD GENUITY, INC., COWEN AND COMPANY, LLC, OPPENHEIMER & CO., BTIG LLC, and STEPHENS, INC.,<br><br>　　　　　　　　Defendants. | Case No. 17-cv-3400-CW<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for hearing pursuant to an Order of this Court, dated June 13, 2018 (the "Preliminary Approval Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of May 9, 2018 (the "Stipulation").  Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. **Incorporation of Settlement Documents**.  This Judgment incorporates by reference the Stipulation and the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation or in the Preliminary Approval Order.

2. **Jurisdiction**.  This Court has jurisdiction over the subject matter of this Action, and over all parties to this Action, including all Members of the Class who did not timely submit a request for exclusion from the Class by the October 2, 2018 deadline set forth in the Notice pursuant to the terms of the Preliminary Approval Order.

3. **Class Certification**.  The Court certifies this Action as a class action for the purposes of settlement and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court appointed Class Representatives are typical of the claims of the Class they represent; (d) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The Court further finds that Class Representatives and Lead Counsel have, and will continue to, fairly and adequately represent the interests of the Class both in terms of litigating this Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

4.   **Class Definition**.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action for settlement as a class action on behalf of all persons or entities who purchased or otherwise acquired the publicly traded common stock of Avinger, Inc. ("Avinger" or the "Company") between January 29, 2015 and April 10, 2017, inclusive, and were damaged thereby.  Excluded from the Class are the Defendants; their respective immediate family members, parents, successors or assigns; the past and current officers and directors of Avinger and the Underwriter Defendants, the legal representatives, heirs, successors and assigns of any excluded Person; and any entity in which any of the above excluded Persons have or had a majority ownership interest.  Also excluded from the Class are the four persons or entities who submitted timely requests for exclusion in accordance with the Notice, and who are listed in Exhibit A attached hereto.[1]

5.   **Adequacy of Notice**.  The dissemination of the Notice and the publication of the Summary Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort.  Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notices, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the requirements of Due Process, and any other applicable laws and rules.

6.   **Final Approval of Settlement and Dismissal of Claims**.  Pursuant to and in accordance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in this Action), and finds that said Settlement is, in all respects,

---

[1] One of the four persons or entities who submitted an exclusion request—Boris Mednikov—does not appear to be a Class Member because he purchased his shares of Avinger stock before the applicable Class Period.  See Hughes Supp. Decl., Ex. A at 3, Docket No. 128-1.

fair, reasonable, and adequate to the Class. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, Class Members and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and the Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against the Defendants in this Action by Plaintiffs are hereby dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. **Releases**. The releases set forth in Paragraphs 24-25 of the Stipulation, together with the definitions contained in Paragraphs 1.1 to 1.43 of the Stipulation relating thereto, are expressly incorporated herein in all respects. Except as to any individual claim of those Persons (identified in Exhibit A attached hereto) who timely requested exclusion from the Class, the releases shall be effective as of the Effective Date. Accordingly, this Court orders that:

(a) In accordance with Paragraph 1.31 of the Stipulation, for purposes of this Judgment, the term "Released Claims" means all claims (including but not limited to Unknown Claims as defined in Paragraph 1.43 of the Stipulation), demands, losses, rights and causes of action of any nature whatsoever, that have been or could have been asserted in either of the Actions or could in future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Federal Plaintiffs, State Plaintiff, or any other Class Member, or their successors, assigns, executors, administrators, representatives, attorneys and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendants' Parties, that (a) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations or omissions involved, set forth, alleged or referred to, in either of the Actions, or which could have been alleged in the Actions; and (b) arise out of, are based upon, or relate to the purchase or acquisition of any shares

of Avinger common stock during the Class Period, provided, however, that "Released Claims" does not include claims to enforce the Settlement or this Judgment.

(b) In accordance with Paragraph 1.29 of the Stipulation, for purposes of this Judgment, the term "Released Defendants' Claims" means "all claims (including, but not limited to 'Unknown Claims' as defined in ¶1.43 of the Stipulation), demands, losses, rights, and causes of action of any nature whatsoever by the Released Defendants' Parties or any of them against Plaintiffs, members of the Class, or Plaintiffs' Lead Counsel, State Counsel or other or additional Plaintiffs' Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of either of the Actions," provided, however, that "Released Defendants' Claims" does not include any claims to enforce the terms of the Settlement or this Judgment.

(c) In accordance with Paragraph 1.30 of the Stipulation, for purposes of this Judgment, the term "Released Defendants' Parties" means (i) each Defendant, (ii) each of their respective immediate family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities and affiliates, any trust of which any individual defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his or his family, and (iii) for any of the persons or entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

(d) In accordance with Paragraph 1.32 of the Stipulation, for purposes of this Judgment, the term "Released Plaintiffs' Parties" means (i) Federal Plaintiffs, State Plaintiff and the members of the Class, and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors,

accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

(e)  Without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the Class Members, on behalf of themselves and each of their Related Parties, to the maximum extent permitted by law, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendant Parties, and shall have covenanted not to sue the Released Defendant Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from commencing, instituting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum that asserts the Released Claims against any of the Released Defendant Parties; provided, however, that nothing herein shall bar any action or claim to enforce the terms of the Settlement or this Judgment.

(f)  Without further action by anyone, upon the Effective Date of the Settlement, each of the Defendants, and each of their Related Parties, to the maximum extent permitted by law, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against the Released Plaintiffs' Parties, and shall have covenanted not to sue the Released Plaintiffs' Parties with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from commencing, instituting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum that asserts the Released Defendants' Claims against any of the Released Plaintiffs' Parties and Class members, and any Federal Counsel or State Counsel.

9.  **No Admissions**.  Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or Released

Defendants' Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendants' Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Defendants' Parties may file the Stipulation and/or the Judgment in any other litigation that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. **Retention of Jurisdiction**.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over:  (a) implementation of this Settlement as set forth in the Stipulation and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.  With respect to any future hearing or determination of any investment or distribution of the Settlement Fund to Class Members, the Plan of Allocation, the determination, administration or calculation of claims by claimants and attorneys' fees of Plaintiff's counsel, or the payment or withholding of Taxes of the Settlement Fund, Defendants and Released Defendants' Parties have no responsibility for, interest in, or liability in connection with such matters and do not have to appear or participate in any hearing for or determination of such separate matters.

11. **Compliance with Rule 11**.  The Court finds that during the course of this Action that the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. **Failure of Effective Date to Occur**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void and shall be vacated and all orders entered and releases delivered in connection herewith shall be null and void, except as otherwise provided in

the Stipulation, and this Judgment shall be without prejudice to the rights of the Parties and the Class members, and the Parties shall revert to their respective positions in the Action as of March 23, 2018.

13. **Cy Pres Recipients**.  Paragraph 34 of the Stipulation provides: "If there is any balance remaining in the Net Settlement Fund after six months from the date of initial distribution of the Net Settlement Fund, Federal Lead Counsel shall, if feasible, after payment of any outstanding administrative fees or expenses, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which remains in the Net Settlement Fund shall be donated to the Legal Services of Northern California, a §501(c)(3) non-profit organization, or to another 501(c)(3) non-profit organization that is unaffiliated with Plaintiffs Counsel and approved by the Court." The parties subsequently identified the American Heart Association, Equal Justice Works, and the Institute of Law and Economic Policy as possible cy pres recipients. Docket No. 127 at 4–5. The Court recognizes that cy pres awards, as the "next best" method of distributing settlement funds to the class of beneficiaries, are to follow certain "guiding standards." Nachshin v. AOL, LLC, 663 F.3d 1034, 1038–40 (9th Cir. 2011). These standards direct that an award ought to "(1) address the objectives of the underlying statutes, (2) target the plaintiff class, or (3) provide reasonable certainty that any member will be benefitted." Id. at 1040. A cy pres award should also "account for the . . . geographic distribution of the class." Id. (citing In re Airline Ticket Comm'n Antitrust Litig., 307 F.3d 697, 683 (8th Cir. 2002)). However, the cy pres recipient selected need not be one that "the court or class members would find ideal." Lance v. Facebook, Inc., 696 F.3d 811, 821 (9th Cir. 2012). Neither the Court nor the parties have been able to identify a non-profit organization specifically serving the objectives of the Securities Act of 1933, 15 U.S.C. § 77a et seq., and the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. The Court approves Equal Justice Works,[2]

---

[2] Equal Justice Works is a 501(c)(3) non-profit organization that offers public interest programs nationally for law students and lawyers.

the American Heart Association,[3] and the Legal Services of Northern California[4] as the next best alternatives. Two coincide with the geographic scope of the class and the other works within the district where this litigation was pursued. Accordingly, each of these cy pres recipients will receive one-third of any cy pres funds pursuant to Paragraph 34 of the Stipulation.

14. **Modification of the Agreement of Settlement**.  Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Entry of Final Judgment**.  There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action, provided, however, that any further orders or proceedings solely regarding the Plan of Allocation or the Fee and Expense Application shall in no way disturb or affect this Judgment.

DATED: October 24, 2018

_____
The Honorable Claudia Wilken
Senior United States District Judge

---

[3] The American Heart Association is a 501(c)(3) non-profit organization that works nationally to combat heart disease and stroke. The organization is an appropriate cy pres recipient because Avinger's products were intended to provide improved treatment for certain vascular conditions.

[4] The Legal Services of Northern California is a 501(c)(3) non-profit organization that provides legal services to individuals in twenty-three counties in Northern California.

**EXHIBIT A TO FINAL JUDGMENT**
(List of Requests for Exclusion)

1. Boris V. Mednikov
2. Jeff Lynch IRA
3. Jeffrey B. Lynch Family Trust
4. Jose A. Lopez Del Toro